UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WILLIAM HYRY,

    Plaintiff,                                      Case No. 2:14-cv-17

v.                                                  HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION

        In November 2010, Plaintiff Robert William Hyry filed an application for disability and disability insurance benefits. See Transcript of Administrative Hearing at pages 94-100 (hereinafter Tr. at ___). Plaintiff alleges that he became disabled after having seizures first on November 3, 2010, and a second time on October 13, 2011. Plaintiff's application was denied initially and Plaintiff requested an administrative hearing before an Administrative Law Judge (ALJ). Tr. at 48-54. ALJ Brent Bedwell held a hearing on June 11, 2012. At the hearing, Plaintiff, acting without counsel, answered the ALJ's questions and presented statements. Vocational expert Less Goldsmith also testified. On August 31, 2012, the ALJ issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act. Tr. at 12-17. Plaintiff filed a Request for Review of Hearing Decision/Order on October 22, 2012. Tr. at 6-8. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision on November 18, 2013. Tr. at 1-5. Plaintiff then filed this action.[1]

---

[1] Both parties consented to proceed before a Magistrate Judge on April 22, 2014.

Plaintiff worked as a pipefitter, and at the time of the hearing was awaiting further training to become certified as a rigger. Tr.at 28, 30. Plaintiff testified at the hearing that after he received rigging certification he would easily be able to find employment. Tr. at 31. As a pipefitter Plaintiff was responsible for installing pipe at construction sites which involved working at different heights within buildings. Tr. at 30. Plaintiff was concerned about having a seizure while working above ground level. *Id.* Plaintiff's first seizure was in November 2010. Tr. at 33. Plaintiff continued to work as a pipefitter after his first seizure until he was laid off in October 2011. Tr. at 31. Plaintiff experienced a second seizure in October 2011, about two weeks after he was laid off from his employment. After Plaintiff's second seizure, neurologist Dr. Brian J. MacFalda increased the strength of Plaintiff's prescription for Topamax. Tr. at 33. Plaintiff testified that he did not experience any other seizures, but felt that the medication made him "dumber," because it slows his thought process. Tr. at 33-34. Plaintiff stated that he decided to wait and take the rigging class before he attempted to find available jobs at other locations. Tr. at 36-37.

The vocational expert testified at the hearing that the skills Plaintiff possesses as a pipefitter could transfer to a retail position in a hardware store or clothing center. Tr. at 42. The vocational expert testified that a hypothetical individual the claimant's age and work experience, who must avoid unprotected heights, hazards, moving machinery, and excessive vibration would not be able to perform Plaintiff's past work as a pipefitter. Tr. at 43. There are, however, a number of jobs that a hypothetical person with these skills and restrictions could perform, such as retail clerk, with about 100,000 of these positions in the state of Michigan, order clerk, with about 4,000 of these positions, light truck delivery, with about 24,000 of these positions, and hand packager, with about 27,000 of these positions. Tr. at 43-44. The vocational expert testified that the further limitations of not being able to climb ladders, ropes or scaffolds would not impact these jobs and numbers.

2

Tr. at 44. Plaintiff testified that he was concerned about injuring someone else if he had another seizure. Tr. at 45.

Plaintiff was examined on August 29, 2012, by Dr. Brian MacFalda. Tr. at 213. Dr. MacFalda reported that Plaintiff had not experienced any more seizures since the second incident. *Id*. Dr. MacFalda wrote on September 18, 2012, that Plaintiff "should not participate in activities that place him or others at risk of harm should a seizure occur." Tr. at 209. On April 9, 2012, Dr. MacFalda wrote, " I have cautioned him that he may not be able to return to the same line of work that he was in. While I can not exclude him from working and at this point he is probably able to return to work, my feelings are that he can not participate in activities that place himself or others at risk should a seizure occur." Tr. at 215.

The findings of the ALJ are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y, Human and Health Serv.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The ALJ's decision cannot be overturned if sufficient evidence supports the decision regardless of whether evidence also supports a contradictory conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). This Court must affirm the ALJ's findings if sufficient evidence supports the decision even if evidence supports an alternative conclusion.

The ALJ must employ a five-step sequential analysis to determine if Plaintiff is under a disability as defined by the Social Security Act. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If the ALJ determines Plaintiff is or is not disabled under a step, the analysis ceases and Plaintiff is declared as such. 20 C.F.R § 404.1520(a). The ALJ found at Step I that Plaintiff continued to engage in substantial gainful activity following the onset of his seizure on November

3, 2010. The ALJ found that Plaintiff's ability to work on a sustained and continuous basis suggests that Plaintiff's seizure disorder is not a severe impairment as defined under the Social Security Act. The ALJ proceeded further to Step II and found that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work related activities for 12 months. The ALJ found that Plaintiff continued to work until he was laid off from employment and that Plaintiff was simply waiting to take a rigging class for certification. Plaintiff stated that once certified he would be "golden" and could easily get a job.

      The record establishes that Plaintiff continued his employment after his alleged onset date of November 3, 2010. The record does not support Plaintiff's claim that his seizure disorder has or will significantly limit his ability to perform basic work related activities for a 12-month period. Plaintiff stopped working because he was laid off. Plaintiff stated that he was able to continue working, but was awaiting additional training and certification which would make him more marketable. Moreover, Plaintiff established that he suffered only two seizures approximately 11 months apart. Plaintiff is being treated with Topamax, which appears to be effective in limiting or eliminating his seizure episodes. Plaintiff claims that the ALJ improperly relied upon the medical records of Dr. Lawler, an oncologist who Plaintiff saw initially to rule out cancer. Plaintiff asserts that once Dr. Lawler ruled out cancer, he simply sent Plaintiff away. Plaintiff claims that the ALJ failed to consider the medical evidence from Dr. MacFalda, who treated Plaintiff's epilepsy since 2011. The ALJ did consider all the medical evidence, including the records from Dr. MacFalda. The evidence supports the ALJ's finding. Plaintiff claims that a statement from an individual who observed Plaintiff's first seizure, filed after the ALJ issued his opinion, establishes Plaintiff's disability. However, the details observed during Plaintiff's first seizure have no impact on the

conclusion of the ALJ. There is substantial evidence in the record that supports the Commissioner's decision that Plaintiff is not disabled as defined by the Social Security Administration.

Accordingly, the decision of the Commissioner is AFFIRMED and Plaintiff's request for relief is DENIED.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 22, 2015